IN THE DISTRICT COURT OF THE UNITED STATES

FOR THE DISTRICT OF SOUTH CAROLINA

GREENVILLE DIVISION

|  |  |  |
|---|---|---|
| Joshua Walter Lance, | ) | |
| | ) | |
| | ) | Civil Action No. 6:15-1071-TMC-KFM |
| Plaintiff, | ) | |
| | ) | **REPORT OF MAGISTRATE JUDGE** |
| vs. | ) | |
| | ) | |
| | ) | |
| Deputey [*sic*] Brock, *of the Spartanburg* | ) | |
| *County Detention Center*; | ) | |
| Deputey [*sic*] West, *of the Spartanburg* | ) | |
| *County Detention Center*, | ) | |
| | ) | |
| | ) | |
| Defendants. | ) | |
| | ) | |

The plaintiff is a pre-trial detainee at the Spartanburg County Detention Center, and has brought suit against two jail officers there.

The complaint reveals this civil rights action arises out of alleged verbal harassment by the two officers. The plaintiff alleges that despite having mental health issues, he is taunted by the officers who have called him names and picked on him, and that he is placed in lock-up when he responds to the harassment, where he loses recreation time and telephone privileges. In his prayer for relief, the plaintiff states that he does not seek money but wants to be left alone. The plaintiff also states that he does not want to see the defendants suspended or fired, but seeks a transfer to a different dorm. He states that he is pursuing a grievance, but doesn't know the result and will check into it (doc. 1).

Under established local procedure in this judicial district, a careful review has been made of the *pro se* complaint and attachments pursuant to the procedural provisions of 28 U.S.C. § 1915, 28 U.S.C. § 1915A, and the Prison Litigation Reform Act. The plaintiff is a *pro se* litigant, and thus his pleadings are accorded liberal construction. *See Erickson*

*v. Pardus*, 551 U.S. 89, 90–95 (2007)(*per curiam*).  When a federal court is evaluating a *pro se* complaint or petition, the plaintiff's or petitioner's allegations are assumed to be true. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 554 (D.S.C. 2008).  Even under this less stringent standard, the complaint is subject to summary dismissal.  The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts that set forth a claim currently cognizable in a federal district court.  *Weller v. Dep't of Soc. Servs.*, 901 F.2d 387, 390–91 (4th Cir. 1990).

The plaintiff's placement in lock-up at the Spartanburg County Detention Center or his classification is not actionable.  The act of placing a detainee or prisoner in administrative segregation or higher custody is not punitive *per se* because it is rationally connected to legitimate governmental objectives.  Courts have recognized that administrative separation or segregation may, for example, serve any number of the following legitimate interests—to protect an inmate's safety, to protect other inmates from a particular inmate, to break up potentially disruptive groups of inmates, or simply to await later classification or transfer. *Merriweather v. Reynolds*, 586 F. Supp. 2d 548, 557–58 (D.S.C. 2008); *see also McKune v. Lile*, 536 U.S. 24, 26 (2002) (noting that the "decision where to house inmates is at the core of prison administrators' expertise"); and *Temple v. Oconee Cnty.*, Civil Action No. 6:13-144-JFA-KFM, 2014 WL 4417702, at *3 (D.S.C. Sept. 8, 2014).

Verbal harassment is not actionable under Section 1983. *See Aziz Zarif Shabazz v. Pico*, 994 F. Supp. 460, 474 (S.D.N.Y. 1998) (noting that "verbal harassment or profanity alone, 'unaccompanied by any injury no matter how inappropriate, unprofessional, or reprehensible it might seem,' does not constitute the violation of any federally protected right and therefore is not actionable under 42 U.S.C. § 1983."), which is cited in *McKinnedy v. Kee-Lippe*, Civil Action No. 6:10-2298-HMH-KFM, 2012 WL 848283, at *6 (D.S.C. Jan. 30, 2012), *adopted by* 2012 WL 847306 (D.S.C. Mar. 13, 2012),

2

*aff'd*, No. 12-6950, 479 Fed.App'x. 523 (4th Cir. Oct. 2, 2012); *see also Merriweather*, 586 F. Supp. 2d at 557 ("Moreover, the alleged verbal harassment, which is expressly alleged in the original complaint and alluded to in the amended complaint, does not constitute the violation of any federally protected right.").

In any event, the plaintiff indicates that he is still pursuing an institutional grievance, so it appears that he has not exhausted his administrative remedies, a jurisdictional requirement for his case here.

Based on the foregoing, it is recommended that the district court summarily dismiss the above-captioned case *without prejudice* and without service of process. The plaintiff's attention is directed to the Notice on the next page.

March 24, 2015                                    s/ Kevin F. McDonald
Greenville, South Carolina                   United States Magistrate Judge

**Notice of Right to File Objections to Report and Recommendation**

The plaintiff is advised that he may file specific written objections to this Report and Recommendation with the District Judge. **Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.** "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (*quoting* Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d). Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

**Robin L. Blume, Clerk of Court**
**United States District Court**
**300 East Washington Street — Room 239**
**Greenville, South Carolina 29601**

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.** 28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).